IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

**UNUM LIFE INSURANCE COMPANY**
**OF AMERICA**

**Plaintiff,**

v.

**NOEL F. NARUT,**

**Defendant.**  No. 04-CV-0175-DRH

## ORDER

**HERNDON, District Judge:**

Pending before the Court is Plaintiff's June 20, 2005 motion to compel discovery (Doc. 27). Specifically, Plaintiff asks the Court to compel Defendant to provide complete responses to Plaintiff's discovery, including the provision of an executed IRS Form 4506. On June 27, 2005, Defendant filed an opposition to the motion to compel (Doc. 29). Based on the following, the Court grants the motion to compel.

On March 29, 2005, the Honorable J.P. Stadtmueller entered an Order finding that Plaintiff is "ENTITLED to a declaration that it has the power under the Plan to demand copies of Narut's personal and business federal and state income tax returns for the years 2001, 2002 and 2003, as well as for the future years during

which Narut continues to seek benefits under the Plan." (Doc. 26).[1]  Here, the Court clearly finds that Plaintiff is entitled to such documents.  Defendant's income is directly relevant to the ultimate issue in this case.  Furthermore, Judge Stadtmueller already addressed this issue in his March 29, 2005 Order.

Thus, the Court **ORDERS** Defendant to provide complete responses to Plaintiff's discovery and to produce the income tax returns requested or allow Plaintiff an authorization to obtain the information from the Internal Revenue Service.  Because there is not a practical way to redact Defendant's wife's income from the tax returns, the Court **ORDERS** Plaintiff to keep the tax returns confidential.  Further, *only* those persons on the litigation team of Plaintiff's law firm and the persons at UNUM Life Insurance Company that need to know for the purpose of determining Defendant's compliance with the policy should have access to the tax returns.  In the event that Plaintiff and/or its law firm should violate this confidentiality requirement, the Court will require (after a showing of a preponderance of the evidence) whoever is responsible for the breach to pay $10,000 to Defendant as a sanction.

**IT IS SO ORDERED.**

Signed this 13th day of July, 2005.

/s/   David RHerndon
**United States District Judge**

---

[1] On June 30, 2005, the Clerk of the Court informed the parties that the case was reassigned to the undersigned district judge by special designation (Doc. 30).